UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEED RATE, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.  20-cv-1663 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| GERALD S. WILSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Guaranteed Rate, Inc., filed a first amended complaint against defendant Gerald S. Wilson.  GRI brought two claims against the Defendant Wilson: (i) breach of contract, and (ii) breach of fiduciary duty. Wilson moves to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 5.)  For the reason outlined below, Wilson's motion to dismiss is denied.

**Background**

Plaintiff, Guaranteed Rate, Inc. (hereinafter "GRI"), is a U.S. residential mortgage company based in Chicago, Illinois. GRI employed defendant, Gerald S. Wilson as a Vice President of Mortgage Lending ("VP") in GRI's branch located in Lake Oswego, Oregon ("Lake Oswego Branch") beginning in January 2019. As a condition of his employment, Wilson executed an employment agreement (the "Agreement") on January 24, 2019.

As VP of the Lake Oswego Branch, Wilson was entrusted with GRI's confidential information, which includes but not limited to, GRI's top-performing employees, hiring criteria, price and cost structure client or potential client identities, client relationship histories, and training techniques, among others.  The Agreement also included a "Non-Solicitation" section which included the following:

1

"During the Restricted Period, you may not, directly or indirectly, hire, solicit, or encourage any Person employed by the Company during your last 12 months of employment with the Company or during the remainder of the Restricted Period to end their employment with the Company and/or join you as a partner, agent, employee, independent contractor or otherwise in a business venture or other business relationship."

Shortly after his new role as VP of the Oswego Branch, Wilson informed GRI that he accepted employment as a Senior Loan Advisor with a competitor of GRI, CrossCountry Mortgage, Inc. ("CCMI"). Prior to Wilson's resignation, plaintiff alleges while Wilson was still an employee of and being paid by GRI, Wilson began to solicit former GRI employees to join him at CCMI. As of this date, GRI is aware of at least four individuals who resigned from GRI due to Wilson's conduct: Doug Frank, Jennifer Tushner, Terra Wood, and Ashley Hitcheson (collectively, the "Former GRI Employees"). Plaintiff further alleges that Wilson wanted to move former GRI employees and not just himself to CCMI because it would be "more profitable" and make Wilson a "more desired candidate" and in the best position to make compensation demands."

On December 11, 2019, Wilson verbally resigned on behalf of himself and the Former GRI Employees. In the meeting, Wilson notified GRI that he was taking the Former GRI Employees with him and even ask permission to do so—which was rejected by GRI. The following week on December 19, 2019, Doug Frank sent an email containing "our official resignation letter" to GRI. The resignation letter was a single PDF containing identical written resignations that were signed by both Frank and Wilson. A day later, Jennifer Tushner submitted her official written resignation letter that was identical to the ones submitted by Wilson and Frank. Hutcheson and Woods did not

provide official resignation letters but instead had phone conversation with GRI management informing GRI of their resignations.

Prior to leaving GRI, both Woods and Hutcheson gave exit interviews in which they did not indicate their pending positions at CCMI. GRI alleges that Wilsons instructed both Woods and Hutchinson to purposefully conceal their pending positions at CCMI. GRI further alleges that Wilson and the Former GRI Employees currently work on the same team and at the same CCMI office location. As of this date, GRI alleges that due to Wilson's conduct, GRI has "essentially" lost the entire Lake Oswego Branch and has suffered substantial harm to GRI—including the resources and investments made in the Oswego Branch and significant disruptions in GRI's operation.

Plaintiff filed a complaint on February 7, 2020 seeking monetary and other relief due to Wilson's breach of his fiduciary duties to GRI and his willful breach of his non-solicitation covenant and to her contractual obligation with GRI set forth in the employment agreement between GRI and Wilson. Defendant filed this motion to dismiss the complaint on March 10, 2020.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the Court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Analysis**

**I. Count I – Breach of Contract**

GRI alleges that Wilson willfully breach the non-solicitation provision ("Non-Solicit") in the Agreement by terminating his employment with GRI, joining a competitor, and soliciting an entire team of GRI employees to leave GRI and join the same competitor with him. Wilson moves to dismiss Plaintiff's breach of contractual claim because the Non-Solicit is unenforceable as a matter of law because it is overbroad and lacks adequate consideration.

*A. Enforceability of the Non-Solicitation Agreement*

Wilson argues that the Non-Solicit is unenforceable as a matter of the law because it is overbroad in that it prohibits him from soliciting or hiring *any* GRI employee during or after his employment, regardless of Wilson's relationship to GRI employees or the location at which GRI employees work.

Under Illinois law, a restrictive covenant will be rendered enforceable if "it contains a reasonable restraint and the agreement is supported by consideration." *Maximum Indep. Brokerage, LLC v. Smith*, 218 F. Supp.3d 630, 637 (N.D. Ill. 2016) (Der–Yeghiayan, J.) (quoting *Reliable Fire Equip. Co. v. Arredondo*, 358 Ill. Dec. 322, 965 N.E.2d 393, 396 (Ill. 2011)). Illinois courts have further provided that a restrictive covenant will be reasonable if it is "necessary to protect a legitimate business interest of the employer-promisee." *Id.* Moreover, unless a restrictive covenant is patently unreasonable, the reasonableness of such covenants will be assumed on a fact-based determination after considering the totality of circumstances of the individual case. *Id.*

Here, the Non-Solicit between GRI and Wilson is not overbroad on its face. The Non-Solicit does not bar Wilson from soliciting customers nor competing in the marketplace—both of which would create a significant barrier on trade if they were prohibited by the provision. GRI has alleged that it has a legitimate interest in maintaining a stable workforce and preventing high costs

4

associated with rehiring and retraining employees. GRI will be given the opportunity to provide evidentiary record supporting the Non-Solicit's enforceability.

Wilson also contests the Non-Solicit is unreasonable because the class of persons the covenant applies to is not limited to a specific geography and thus, renders the Non-Solicit not specific enough to be reasonable. The case law Wilson uses to support this inference is inapplicable because the class of persons in the case law differs from the class of persons at hand (geographic limitations on customers versus company employees). Regardless, the Court declines to analyze whether such a restriction is reasonable, as it would require this court to make a fact-based determination. *See Nortek Prod. (Taicang) Ltd. v. FNA Grp., Inc.*, No. 10 C 2813, 2011 WL 2110043, at *4 (N.D. Ill. May 24, 2011) (Guzman, J.) (noting that making a "fact-based determination is not appropriate at the motion to-dismiss stage").

Accordingly, Plaintiff's allegations are at least sufficient to get through the motion to dismiss stage.

### B. *Whether the Non-Solicitation is supported by Adequate Consideration*

Wilson next argues that the Non-Solicit is not supported by adequate consideration because Wilson departed from GRI less than two years after entering the agreement. To hold otherwise, Wilson argues, would reject what Illinois courts have embraced as a two year "bright line" rule for non-solicitation agreements.

Wilson's argument is without merit. With regard to non-solicitation agreements, "Illinois courts have generally held that two years or more of continued employment constitutes adequate consideration" (commonly referred to as a two-year bright line rule). *See, Brown and Brown, Inc. v. Mudron*, 379 Ill.App.3d 724, 320 Ill.Dec. 293, 887 N.E.2d 437, 440 (2008); *Allied Waste Servs. of N. Am., LLC* v. Tibble, 177 F. Supp. 3d 1103, 1107 (N.D. Ill. 2016) (Leinenweber, J.). While it is true that Illinois courts have applied the two-year bright line rule in past decisions, most courts in the

5

Northern District of Illinois that have addressed this issue have rejected the two-year bright-line rule in favor of a more fact-specific approach. *Apex Physical Therapy, LLC v. Ball,* No. 17-CV-00119-JPG-DGW, 2017 WL 3130241, at *2–3 (S.D. Ill. July 24, 2017). Key factual circumstance surrounding the employment agreement such as the conditions of employment, voluntary resignation, employees raises and bonuses, must be considered on a case-by-case basis. "In short, there is nothing particularly significant about the term of 24 months that should elevate it to a *per se* minimum requirement." *Allied Waste Servs.*, 177 F. Supp. 3d at 1108 (internal quotations and citations omitted). Given the importance of considering the totality of circumstances surrounding GRI's employment agreement with Wilson, it would be inappropriate to rule on adequate consideration on this Rule 12(b)(6) motion.

Accordingly, Wilson's motion to dismiss Count I is denied.

### II. Count II – Breach of Fiduciary Duty

GRI alleges that Wilson willfully breached his fiduciary duties by soliciting GRI employees, including but not limited the Former GRI Employees, to terminate their employment with GRI and to join CCMI *prior* to terminating Wilson's employment. Wilson argues that GRI's breach of fiduciary duty claim should be dismissed for failure to state a claim. Wilson asserts that he was not an officer or director of GRI and therefore does not owe a fiduciary duty to GRI.

Illinois courts have ruled that both officers and employees owe a duty of loyalty to their employers. *Riad v. 520 S. Michigan Ave. Assoc. Ltd.*, 78 F.Supp.2d 748, 763 (N.D. Ill.1996) (Moran, J.). Although the scope of fiduciary duty may vary depending on the responsibility an employer has assigned to a corporate officer or employee, "courts applying Illinois law have construed the duty of loyalty to prohibit officers or *employees* from improperly competing with their employer,…enticing co-workers away from the employer, [or] diverting business opportunities…." (emphasis added). *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 831 (N.D. Ill. 2006) (Grady, J.).

6

Thus, GRI has adequately alleged that Wilson had a fiduciary duty to his employer irrespective of whether GRI officially recognized him as an officer or employee. Determining whether the scope of Wilson's duties constitute an officer or employee would require a fact-based determine that is not appropriate at the motion to dismiss stage.

Wilson's argument that any fiduciary duty he may have had ended at the time employment was terminated falls flat in light of GRI's allegations of a non-solicitation provision being in effect. While Illinois courts have ruled that fiduciary duty ceases with the termination of employment, this does not hold true "where an employment contract contains a valid restrictive covenant." *Labor Ready, Inc. v. Williams Staffing, LLC,* 149 F. Supp. 2d 398, 415 (N.D. Ill. 2001) (Gettleman, J.). Plaintiff alleges that the Non-Solicit did not end until two years after Wilson's employment termination with GRI. Because the validity of the Agreement between GRI and Wilson will not be decided at this stage, GRI has sufficiently plead facts to state a claim for relief of breach of fiduciary duty in Count II.

Accordingly, Wilson's motion to dismiss count II is denied.

**Conclusion**

Based on the foregoing, Wilson's Motion to Dismiss as to Counts I and II are denied.

IT IS SO ORDERED.

Date: 8/14/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge